LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
215-564-1635                                           ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| MARIA MAHMOOD <br> 14717 Exbury Lane <br> Laurel, MD 20707 | UNITED STATES DISTRICT <br> COURT FOR THE EASTERN <br> DISTRICT OF PENNSYLVANIA |
| vs. | |
| NATIONAL BOARD OF <br> MEDICAL EXAMINERS <br> 3750 Market Street <br> Philadelphia, PA 19104 | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

### PARTIES

1. The plaintiff is Maria Mahmood, who is an adult individual residing at 14717 Exbury Lane, Laurel, MD 20707. At all times material herein, plaintiff was a medical student at the University of Illinois at Chicago.

2. The defendant is the National Board of Medical Examiners ("NBME"), an educational institution or unincorporated association, and whose address for service of process is at 3750 Market Street, Philadelphia, PA 19104.

### JURISDICTION AND VENUE

3. There is federal question jurisdiction based on violation of plaintiff's civil rights under 42 USC 1983 and the Americans with Disabilities Act, and the Due Process clause of the United States Constitution. The Court also has jurisdiction over this matter based on diversity of citizenship, with the plaintiff being domiciled in the state of Maryland and defendant located in the state of Pennsylvania.

4. Venue is properly before the Court, since the defendant is located in the Eastern District of Pennsylvania.

### SUMMARY

5. This case arises out of the illegal suspension of plaintiff for a term of 3 years by defendant.

6. The suspension in question occurred after an incident on or about 08/08/11 at the Prometric Testing Center in Baltimore.

7. Plaintiff was suspended by defendant for "irregular behavior".

8. If plaintiff is barred from taking the USMLE CK Part II (US Medical Licensing Examination, Clinical Knowledge Part II) for this period of time, then she will be dismissed from her medical school.

9. The letter from the NBME, attached and incorporated as Exhibit "A", indicates that in addition to the 3-year suspension, the phrase "irregular behavior" will occur on plaintiff's future transcripts, which designation will make it difficult, if not impossible, to obtain a medical residency.

10. Plaintiff is bringing this lawsuit for injunctive relief and damages, including but not limited to, reinstatement with the NBME and the opportunity to take the next medical board exam (USMLE Clinical Knowledge Part II.).

11. Plaintiff was not allowed to take the USMLE Clinical Knowledge Part II Examination, but her attempt was counted.

## GENERAL ALLEGATIONS

12. At all times material herein, Maria Mahmood was a medical student at the University of Illinois at Chicago and has completed the academic requirements of medical studies.

13. Plaintiff will not be awarded her MD (Graduate Degree) unless she passes her USMLE Clinical Knowledge Part II Examinatiion.

14. At all times material herein, the NBME was a medical licensing institution acting under color of state law.

15. When plaintiff took her last USMLE Clinical Knowledge Part II in 08/08/11, there was an alleged incident which occurred in the ladies' room of the building where the testing center was located.

16. The ladies' room was a public bathroom some distance from the testing room, which was used by anyone who was in the building where the medical test was being given.

17. Plaintiff lit a small amount of toilet paper in the ladies' room which was quickly extinguished. No fire alarm was activated at any time.

18. The medical exam was in no way affected by plaintiff's actions. Plaintiff was not allowed to take her USMLE Clinical Knowledge Part II on that day by Prometric Testing Center at Baltimore.

19. There was no evidence that anyone who was taking the medical exam saw plaintiff perform any irregular conduct or that anyone in the exam room was even aware of what plaintiff did.

20. As a result of this incident, plaintiff was arrested.

21. Plaintiff is completing a sentence of community service in which she is to serve 250 hours of community service.

22. When plaintiff completes her community service, she will petition the court to have her record expunged.

23. The NBME suspended plaintiff on the basis of "irregular behavior", even though no irregular behavior occurred or was perceived in the examining room.

24. As a result of this 3-year suspension, plaintiff is unable to complete her medical education in the required 7 years, which is mandated by the University of Illinois, College of Medicine at Chicago.

25. Plaintiff is prohibited by the action of defendant from taking her United States Medical Licensing Exam, Clinical Knowledge Part II and United States Medical Licensing Exam Clinical Skill.

26. Plaintiff is legally blind and she needed special equipment to take her licensing exam.

27. The facility where plaintiff took her licensing exam did not have the proper disability accommodations under the ADA for plaintiff to take her exam.

28. Plaintiff requests all damages recoverable arising out of her illegal restraint by defendant, as well as consequential damages, equitable and injunctive relief.

## FIRST CAUSE OF ACTION

29. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

30. Defendant violated the constitutional rights of plaintiff to be free from cruel and unusual punishment by barring plaintiff from taking her medical test for a period of 3 years.

31. Plaintiff did nothing to disrupt the examination for which she is being punished.

32. In point of fact, no candidate who was taking the exam was aware that plaintiff had engaged in "irregular behavior" while the exam was taking place.

33. Plaintiff has a period of 7 years to complete her medical degree at the University of Illinois, Chicago, where she is a student.

34. The 3-year bar by the medical board will effectively prohibit plaintiff from becoming a doctor.

35. Even with a reasonable extension from her University, plaintiff will not be able to complete her studies at the University of Illinois with the punishment applied by the medical board.

36. Plaintiff requests all damages recoverable arising out of her illegal restraint, as well as consequential damages and equitable relief.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## SECOND CAUSE OF ACTION

37. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

38. Plaintiff's civil rights under 42 USC 1983 were violated when she was barred from taking her next medical board by defendant for a period of 3 years.

39. Plaintiff's right to procedural and substantive due process was violated by defendant.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## THIRD CAUSE OF ACTION

40. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

41. Plaintiff's civil rights were also violated, when defendant, acting through its agents, servants and employees, commingled the investigative and adjudicative functions involving the charges against plaintiff.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## FOURTH CAUSE OF ACTION

42. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

43. Plaintiff is filing this lawsuit for violation of the Americans with Disabilities Act (ADA).

44. Plaintiff is legally blind.

45. On the date in question, plaintiff had requested special accommodations from the defendant so that she could take the examination.

46. Defendant failed to reasonably accommodate plaintiff so that she was unable to take the test in question.

47. Defendant violated the ADA by its actions.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

Respectfully submitted,

William C. Reil, Esquire
Attorney for Plaintiff
File ID# WCR1962