| | |
|---|---|
| MARIA MAHMOOD<br>14717 Exbury Lane<br>Laurel, MD 20707<br><br>vs.<br><br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS<br>3750 Market Street<br>Philadelphia, PA 19104 | UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF PENNSYLVANIA<br><br><br><br>2:12-cv-01544-PD<br><br><br>JURY TRIAL DEMANDED |

## ORDER FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION

AND NOW, this _____ day of _____, 2012, upon consideration of plaintiff's motion for a permanent and/or preliminary injunction, and any response by defendant thereto, it is hereby ORDERED and DECREED that defendant is enjoined from taking any further action barring plaintiff from taking any test offered by the National Board of Medical Examiners.

In the alternative, plaintiff shall be barred from taking any test given by the National Board of Medical Examiners for a period of _____ months.

In the alternative, plaintiff shall be given such legal or equitable relief as ordered by the Court.

BY THE COURT:

_____ J.

| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL | |
| BY: William C. Reil, Esquire | |
| Identification No. 26833 | |
| 42 S. 15th Street, Suite 210 | |
| Philadelphia, PA 19102 | |
| 215-564-1635 | ATTORNEY FOR PLAINTIFF |
| MARIA MAHMOOD | UNITED STATES DISTRICT |
| 14717 Exbury Lane | COURT FOR THE EASTERN |
| Laurel, MD 20707 | DISTRICT OF PENNSYLVANIA |
| vs. | |
| NATIONAL BOARD OF | 2:12-cv-01544-PD |
| MEDICAL EXAMINERS | |
| 3750 Market Street | |
| Philadelphia, PA 19104 | JURY TRIAL DEMANDED |

## NOTICE OF MOTION

To: Neil J. Hamburg, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103

PLEASE BE ADVISED that the within plaintiff's motion for a permanent and/or preliminary injunction was hand-delivered to the Clerk of Court for docketing on 4/19/12 and copies thereafter mailed to counsel. After docketing, you have fourteen (14) days, or time fixed by the Court, to file a responsive pleading or the matter will be taken as uncontested.

Respectfully submitted,

William C. Reil, Esquire
Attorney for Plaintiff

| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL<br>BY: William C. Reil, Esquire<br>Identification No. 26833<br>42 S. 15th Street, Suite 210<br>Philadelphia, PA 19102<br>215-564-1636 | ATTORNEY FOR PLAINTIFF |
| MARIA MAHMOOD<br>14717 Exbury Lane<br>Laurel, MD 20707<br><br>vs.<br><br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS<br>3750 Market Street<br>Philadelphia, PA 19104 | : UNITED STATES DISTRICT<br>: COURT FOR THE EASTERN<br>: DISTRICT OF PENNSYLVANIA<br>:<br>:<br>:<br>:<br>: 2:12-cv-01544-PD<br>:<br>:<br>: JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR
## A PRELIMINARY AND/OR PERMANENT INJUNCTION

Plaintiff, Maria Mahmood, through her undersigned counsel, requests the Court to Order a Preliminary and/or Permanent Injunction, and in support thereof, it is averred as follows:

1. The plaintiff is Maria Mahmood, who is an adult individual residing at 14717 Exbury Lane, Laurel, MD 20707.

2. Defendant is the National Board of Medical Examiners, which is a corporation or other entity.

3. The National Board of Medical Examiners (NBME) is an organization which gives and administers tests necessary for medical students to become physicians.

4. On or about 03/27/12, plaintiff filed a complaint for violation of her constitutional rights, alleging that she had been illegally barred by the NBME for a period of 3 years from taking any medical tests.

5. The complaint was served on defendant on 04/03/12, and plaintiff's counsel received a phone call from Neil J. Hamburg, Esquire, stating that he would be representing the defendant.

6. Plaintiff has finished all coursework for her M.D., and she only needs to pass the tests administered by NBME to graduate from medical school.

7. Plaintiff's complaint can best be summarized by paragraphs 5 through 11:

> 5. This case arises out of the illegal suspension of plaintiff for a term of 3 years by defendant.
>
> 6. The suspension in question occurred after an incident on or about 08/08/11 at the Prometric Testing Center in Baltimore.
>
> 7. Plaintiff was suspended by defendant for "irregular behavior".
>
> 8. If plaintiff is barred from taking the USMLE CK Part II (US Medical Licensing Examination, Clinical Knowledge Part II) for this period of time, then she will be dismissed from her medical school.
>
> 9. The letter from the NBME, attached and incorporated as Exhibit "A", indicates that in addition to the 3-year suspension, the phrase "irregular behavior" will occur on plaintiff's future transcripts, which designation will make it difficult, if not impossible, to obtain a medical residency.
>
> 10. Plaintiff is bringing this lawsuit for injunctive relief and damages, including but not limited to, reinstatement with the NBME and the opportunity to take the next medical board exam (USMLE Clinical Knowledge Part II.).
>
> 11. Plaintiff was not allowed to take the USMLE Clinical Knowledge Part II Examination, but her attempt was counted.

8. The conduct of the NBME deprives plaintiff of due process of law, as such conduct was arbitrary and capricious.

9. The penalty by the NBME would prohibit plaintiff from ever becoming a physician due to the fact that passing these tests within a given time limit is a prerequisite for graduating from medical school.

10. Plaintiff has completed all her course work at the University of Illinois at Chicago, spent approximately $400,000 in student loans, and only needs to pass 2 medical tests to graduate.

11. The imposition of a 3-year bar by defendant is too harsh given the fact that no one was injured nor was there any interruption in the medical test during the time of the incident.

12. Plaintiff has sought psychiatric treatment for her disabilities.

13. Plaintiff is legally blind and the NBME failed to reasonably accommodate her during the last test which she took.

14. It is averred that it is not necessary to bar plaintiff from future tests.

15. The factual basis and legal grounds for this motion are contained in the complaint, and it is averred that plaintiff's right to relief is clear.

16. Plaintiff avers that she is likely to succeed on the merits of the claim.

17. Plaintiff's counsel has served the summons and complaint in this case upon the defendant by personal service and this document has been filed of record.

18. Plaintiff spoke to defendant's counsel, Neil J. Hamburg, Esquire, and a copy of this motion is being sent to Mr. Hamburg.

WHEREFORE, Plaintiff requests the Court to award appropriate legal, equitable and injunctive relief, as indicated in the suggested Order.

                                    Respectfully submitted,

                                    _____
                                    William C. Reil, Esquire
                                    Attorney for Plaintiff
                                    4/19/12

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
215-564-1637                                    ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| MARIA MAHMOOD | UNITED STATES DISTRICT |
| 14717 Exbury Lane | COURT FOR THE EASTERN |
| Laurel, MD 20707 | DISTRICT OF PENNSYLVANIA |
| vs. | |
| NATIONAL BOARD OF | 2:12-cv-01544-PD |
| MEDICAL EXAMINERS | |
| 3750 Market Street | |
| Philadelphia, PA 19104 | JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY AND/OR PERMANENT INJUNCTION

I.   **BACKGROUND**

The pertinent facts of the case are set forth in paragraph 7 of plaintiff's motion, above.

At this time, plaintiff has been illegally barred by defendant from taking any further tests. In effect, this will bar plaintiff from becoming a physician due to the time limit.

II.   **ARGUMENT AND CONCLUSIONS OF LAW**

**Requirement for a Preliminary Injunction**

To secure preliminary injunctive relief, plaintiff must establish her need for immediate relief by showing (1) she is likely to succeed on the merits; and (2) denial of preliminary injunctive relief will result in irreparable harm to her before a trial on the merits can take place. See *BP Chems. Ltd. V. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000). When reviewing an application for preliminary injunctive relief, the Court should also consider whether (3) granting an injunction will result in irreparable harm to the non-moving party and/or harm to the moving party outweighs the

harm to the non-moving party and (4) granting the injunction is in the public interest. See *Acierro v. New Castle Co.*, 40 F.3d 645, 647, 653 (3d Cir. 1994).

A plaintiff seeking a permanent injunction must demonstrate: (1) actual success on the merits of the underlying dispute; (2) irreparable injury; (3) the inadequacy of remedies available at law; (4) that the balance of hardship between the plaintiff and defendant weigh in favor of injunctive relief; and (5) that the public interest would not be disserved by the injunction.  See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984).

Plaintiff satisfies the requirements for the issuance of a preliminary injunction. Her dismissal was in violation of her due process rights, as well as a violation of the Eighth Amendment's proscription against cruel and unusual punishment.

### III. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests this Court to grant a Preliminary and/or Permanent Injunction as indicated on the proposed Order.

Respectfully submitted,

*William C. Reil*
William C. Reil, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

      X      Regular First Class Mail

      X      Facsimile

            Certified Mail

            Hand-Delivered

Date: 4/19/12

WILLIAM C. REIL, ESQUIRE
Attorney for Plaintiff
210 Robinson Building
42 South 15th Street, Suite 210
Philadelphia, PA 19102
(215) 564-1635