# EXHIBIT 1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maria Mahmood

**(b)** County of Residence of First Listed Plaintiff  Laurel, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William C. Reil, Esquire, 42 S. 15th Street, Suite 210, Philadelphia, PA 19102, 215-564-1635

## DEFENDANTS
National Board of Medical Examiners

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** |  |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Plaintiff barred by defendant from taking medical board examination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  3/26/12

SIGNATURE OF ATTORNEY OF RECORD  William C. Reil

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

: CIVIL ACTION
:
v. :
:
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                             ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    (X)

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.    ( )

3/26/12                              William C. Reil
Date                                 Attorney-at-law

                                     WILLIAM C. REIL
                                     Attorney for Plaintiff

(Civ. 660) 7/95

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 14717 Exbury Lane

Laurel, MD 20707

Address of Defendant: _____

Place of Accident, Incident or Transaction: Baltimore, MD
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, William C. Reif, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 3/26/12      William C. Reif                    26833
                   Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/26/12      William C. Reif                    26833
                   Attorney-at-Law                    Attorney I.D.#

CIV. 609 (9/99)

| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL | |
| BY: William C. Reil, Esquire | |
| Identification No. 26833 | |
| 42 S. 15th Street, Suite 210 | |
| Philadelphia, PA 19102 | |
| 215-564-1635 | ATTORNEY FOR PLAINTIFF |
| MARIA MAHMOOD | UNITED STATES DISTRICT |
| 14717 Exbury Lane | COURT FOR THE EASTERN |
| Laurel, MD 20707 | DISTRICT OF PENNSYLVANIA |
| vs. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS | CIVIL ACTION NO. |
| 3750 Market Street | |
| Philadelphia, PA 19104 | JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

### PARTIES

1. The plaintiff is Maria Mahmood, who is an adult individual residing at 14717 Exbury Lane, Laurel, MD 20707. At all times material herein, plaintiff was a medical student at the University of Illinois at Chicago.

2. The defendant is the National Board of Medical Examiners ("NBME"), an educational institution or unincorporated association, and whose address for service of process is at 3750 Market Street, Philadelphia, PA 19104.

### JURISDICTION AND VENUE

3. There is federal question jurisdiction based on violation of plaintiff's civil rights under 42 USC 1983 and the Americans with Disabilities Act, and the Due Process clause of the United States Constitution. The Court also has jurisdiction over this matter based on diversity of citizenship, with the plaintiff being domiciled in the state of Maryland and defendant located in the state of Pennsylvania.

4. Venue is properly before the Court, since the defendant is located in the Eastern District of Pennsylvania.

### SUMMARY

5. This case arises out of the illegal suspension of plaintiff for a term of 3 years by defendant.

6. The suspension in question occurred after an incident on or about 08/08/11 at the Prometric Testing Center in Baltimore.

7. Plaintiff was suspended by defendant for "irregular behavior".

8. If plaintiff is barred from taking the USMLE CK Part II (US Medical Licensing Examination, Clinical Knowledge Part II) for this period of time, then she will be dismissed from her medical school.

9. The letter from the NBME, attached and incorporated as Exhibit "A", indicates that in addition to the 3-year suspension, the phrase "irregular behavior" will occur on plaintiff's future transcripts, which designation will make it difficult, if not impossible, to obtain a medical residency.

10. Plaintiff is bringing this lawsuit for injunctive relief and damages, including but not limited to, reinstatement with the NBME and the opportunity to take the next medical board exam (USMLE Clinical Knowledge Part II.).

11. Plaintiff was not allowed to take the USMLE Clinical Knowledge Part II Examination, but her attempt was counted.

## GENERAL ALLEGATIONS

12. At all times material herein, Maria Mahmood was a medical student at the University of Illinois at Chicago and has completed the academic requirements of medical studies.

13. Plaintiff will not be awarded her MD (Graduate Degree) unless she passes her USMLE Clinical Knowledge Part II Examinatiion.

14. At all times material herein, the NBME was a medical licensing institution acting under color of state law.

15. When plaintiff took her last USMLE Clinical Knowledge Part II in 08/08/11, there was an alleged incident which occurred in the ladies' room of the building where the testing center was located.

16. The ladies' room was a public bathroom some distance from the testing room, which was used by anyone who was in the building where the medical test was being given.

17. Plaintiff lit a small amount of toilet paper in the ladies' room which was quickly extinguished. No fire alarm was activated at any time.

18. The medical exam was in no way affected by plaintiff's actions. Plaintiff was not allowed to take her USMLE Clinical Knowledge Part II on that day by Prometric Testing Center at Baltimore.

19. There was no evidence that anyone who was taking the medical exam saw plaintiff perform any irregular conduct or that anyone in the exam room was even aware of what plaintiff did.

20. As a result of this incident, plaintiff was arrested.

21. Plaintiff is completing a sentence of community service in which she is to serve 250 hours of community service.

22. When plaintiff completes her community service, she will petition the court to have her record expunged.

23. The NBME suspended plaintiff on the basis of "irregular behavior", even though no irregular behavior occurred or was perceived in the examining room.

24. As a result of this 3-year suspension, plaintiff is unable to complete her medical education in the required 7 years, which is mandated by the University of Illinois, College of Medicine at Chicago.

25. Plaintiff is prohibited by the action of defendant from taking her United States Medical Licensing Exam, Clinical Knowledge Part II and United States Medical Licensing Exam Clinical Skill.

26. Plaintiff is legally blind and she needed special equipment to take her licensing exam.

27. The facility where plaintiff took her licensing exam did not have the proper disability accommodations under the ADA for plaintiff to take her exam.

28. Plaintiff requests all damages recoverable arising out of her illegal restraint by defendant, as well as consequential damages, equitable and injunctive relief.

## FIRST CAUSE OF ACTION

29. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

30. Defendant violated the constitutional rights of plaintiff to be free from cruel and unusual punishment by barring plaintiff from taking her medical test for a period of 3 years.

31. Plaintiff did nothing to disrupt the examination for which she is being punished.

32. In point of fact, no candidate who was taking the exam was aware that plaintiff had engaged in "irregular behavior" while the exam was taking place.

33. Plaintiff has a period of 7 years to complete her medical degree at the University of Illinois, Chicago, where she is a student.

34. The 3-year bar by the medical board will effectively prohibit plaintiff from becoming a doctor.

35. Even with a reasonable extension from her University, plaintiff will not be able to complete her studies at the University of Illinois with the punishment applied by the medical board.

36. Plaintiff requests all damages recoverable arising out of her illegal restraint, as well as consequential damages and equitable relief.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## SECOND CAUSE OF ACTION

37. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

38. Plaintiff's civil rights under 42 USC 1983 were violated when she was barred from taking her next medical board by defendant for a period of 3 years.

39. Plaintiff's right to procedural and substantive due process was violated by defendant.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## THIRD CAUSE OF ACTION

40. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

41. Plaintiff's civil rights were also violated, when defendant, acting through its agents, servants and employees, commingled the investigative and adjudicative functions involving the charges against plaintiff.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

## FOURTH CAUSE OF ACTION

42. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

43. Plaintiff is filing this lawsuit for violation of the Americans with Disabilities Act (ADA).

44. Plaintiff is legally blind.

45. On the date in question, plaintiff had requested special accommodations from the defendant so that she could take the examination.

46. Defendant failed to reasonably accommodate plaintiff so that she was unable to take the test in question.

47. Defendant violated the ADA by its actions.

WHEREFORE, plaintiff requests damages arising out of the violation of plaintiff's civil rights and her illegal restraint, as well as punitive damages, attorney fees and equitable relief, if applicable.

Respectfully submitted,

William C. Reil, Esquire
Attorney for Plaintiff
File ID# WCR1962