LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
215-564-1635                                              ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| MARIA MAHMOOD | : | UNITED STATES DISTRICT |
| 14717 Exbury Lane | : | COURT FOR THE EASTERN |
| Laurel, MD 20707 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| vs. | : | |
| | : | |
| NATIONAL BOARD OF | : | 2:12-cv-01544-TR |
| MEDICAL EXAMINERS | : | |
| 3750 Market Street | : | |
| Philadelphia, PA 19104 | : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT – CIVIL ACTION

### PARTIES

1. The plaintiff is Maria Mahmood, who is an adult individual residing at 14717 Exbury Lane, Laurel, MD 20707. At all times material herein, plaintiff was a medical student at the University of Illinois at Chicago ("UIC"), who was eligible to receive her M.D. degree.

2. The defendant is the National Board of Medical Examiners ("NBME"), an educational institution or unincorporated association, and whose address for service of process is at 3750 Market Street, Philadelphia, PA 19104. The NBME, through its agents, administers tests for medical students, which are a requirement for graduation.

### JURISDICTION AND VENUE

3. There is federal question jurisdiction based on violation of plaintiff's civil rights under the Americans with Disabilities Act ("ADA"). The Court also has jurisdiction over this matter based on diversity of citizenship, with the plaintiff being domiciled in the state of Maryland and defendant located in the state of Pennsylvania.

4. Venue is properly before the Court, since the defendant is domiciled in the Eastern District of Pennsylvania.

### SUMMARY

5. This case arises out of a pattern of discrimination against plaintiff by defendant's repeated violation of the ADA. See medical documentation and correspondence between the parties attached as Exhibit "A".

6. The Court has previously issued an Opinion in this case, and dismissed all counts of the original complaint with the exception of Count IV, which is a cause of action under the ADA. See Opinion of the Court attached as Exhibit "B".

7. This amended complaint is filed in response to the Court's Order of 06/21/12.

8. This case arises out of the illegal suspension of plaintiff for a term of 3 years by defendant, which is de facto a lifetime ban, since plaintiff will be unable to finish her medical degree in the required 7 years. See plaintiff's transcript from UIC, attached as Exhibit "C".

9. The only requirement which plaintiff must fulfill for her degree is the testing with the NBME. She has completed all other requirements at UIC for her medical degree.

10. The suspension in question occurred after an incident on or about 08/08/11 at the Prometric Testing Center in Baltimore.

11. Prometric is an agent of the NBME, and it administers examinations for medical students.

12. Plaintiff was suspended by defendant for "irregular behavior".

13. If plaintiff is barred from taking the USMLE CK Part II (US Medical Licensing Examination, Clinical Knowledge Part II) for three years, then she will be unable to graduate from her medical school at UIC.

14. The letter from the NBME, attached and incorporated as Exhibit "D", indicates that in addition to the 3-year suspension, the phrase "irregular behavior" will occur on plaintiff's future transcripts.

15. This designation will make it difficult, if not impossible, to obtain a medical residency.

16. Plaintiff is bringing this lawsuit for damages under the ADA and equitable relief.

17. She also requests relief which allows her to take the requisite medical tests which she needs to complete her requirements as a physician.

18. Plaintiff was not allowed to take the USMLE Clinical Knowledge Part II Examination, but her attempt was counted against her by the NBME.

**GENERAL ALLEGATIONS**

19. At all times material herein, Maria Mahmood was a medical student at UIC, who has completed all academic requirements for her medical studies.

20. Plaintiff will not be awarded her M.D. unless she passes the USMLE Part II Examination.

21. When plaintiff took her last USMLE Clinical Knowledge Part II on 08/08/11, there was an incident which occurred in the ladies' room of the building where the testing center was located.

22. No harm resulted from this incident.

23. The ladies' room was a public bathroom some distance from the testing room, which was used by anyone who was in the building where the medical test was being given.

24. Plaintiff lit a small amount of toilet paper in the ladies' room which was quickly extinguished. No fire alarm was activated at any time. See plaintiff's affidavit at Exhibit "E".

25. The medical examination was in no way affected or disrupted by plaintiff's actions. Plaintiff was not allowed to take her USMLE Clinical Knowledge Part II on that day by the Prometric Testing Center at Baltimore.

26. There is no evidence that anyone who was taking any examination saw plaintiff involved in any irregular conduct or that anyone in the exam room was even aware of what plaintiff did.

27. As a result of this incident, plaintiff was arrested. The arrest of plaintiff will soon be expunged. See expungement documents attached as Exhibit "F".

28. The NBME suspended plaintiff on the basis of "irregular behavior", even though no irregular behavior occurred or was perceived in the examining room.

29. As a result of this 3-year suspension, plaintiff is unable to complete her medical education in the required 7 years, which is mandated by the University of Illinois, College of Medicine at Chicago.

30. Plaintiff is prohibited by the action of defendant from taking her United States Medical Licensing Examination, Clinical Knowledge Part II, and United States Medical Licensing Examination, Clinical Skill Part II.

31. Plaintiff is legally blind and she needed special vision equipment to take her NBME licensing examination.

32. The facility where plaintiff took her licensing examination did not have the proper disability accommodations under the ADA for plaintiff to take her examination, although

Prometric was provided with prior knowledge of, and/or authorization for, accommodations to be available.

33. On several prior occasions, the NBME testing facilities lacked proper and reasonable accommodation for plaintiff's disability. See Exhibit "A".

## **FIRST CAUSE OF ACTION**

34. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

35. Plaintiff is filing this lawsuit for violation of the Americans with Disabilities Act.

36. Plaintiff is legally blind, and the NBME has recognized that she needs special accommodation for her visual impairment.

37. Plaintiff requires large print, zoom text, etc., to be able to read with her monocular.

38. On the date in question, plaintiff had requested special accommodations from the defendant so that she could take the examination. The NBME authorized these disability accommodations, but Prometric, their agent, failed to provide them on the testing date.

39. Defendant failed to reasonably accommodate plaintiff so that she was unable to take the test in question.  See Exhibit "A".

40. Defendant's history of failing to accommodate plaintiff's impaired vision disability is both unreasonable and a violation of the ADA.

41. As a result of defendant's actions, plaintiff was distraught when it appeared that she again would be unable to take the USMLE because of the lack of proper equipment needed to accommodate her disability.

42. On the date of the written examination in question, another candidate with disabilities came to take an examination, and plaintiff's seat at the examination was given to the other candidate. This is tantamount to discrimination and denial of equal opportunity.

43. Defendant violated the ADA by its actions in failing to reasonably accommodate plaintiff's disability on several occasions.

44. Defendant sent a letter to plaintiff dated 07/10/12, which is attached and incorporated as Exhibit "G".

45. It is noteworthy that none of the correspondence from the defendant references its failure to accommodate plaintiff's vision impairment on 08/08/11.

46. In order to show a violation of the ADA in connection with testing, the plaintiff must show 1) that she is disabled, 2) that her requests for accommodations are reasonable, and 3) that those requests were denied. *D'Amico v. State Board of Law Examiners*, 813 F.Supp. 217, 221 (W.D.N.Y. 1993).

47. There is little or no dispute that plaintiff is visually impaired and thus disabled, and her requests for a device to read her medical examination were reasonable.

48. Plaintiff sets forth in her affidavit and accompanying exhibits that there is a history and course of conduct by defendant that shows that her reasonable requests have been denied.

49. The purpose of the ADA is to "… provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. 1212(5)(A).

50. Courts apply a "… fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization which would implement it." *Sharon v. McDonald's Corporation*, 51 F.3d 353, 356 (2d Cir. 1995).

51. As a result of the discrimination by defendant at the testing center, plaintiff's depression and anxiety were exacerbated, resulting in the aforementioned incident, which in no way disrupted the examination.

52. This discrimination is antithetical to the letter and spirit of the ADA, and is a clear denial of equal opportunity.

53. Defendant engaged in a course of conduct involving plaintiff which violated the ADA.

WHEREFORE, plaintiff requests damages and equitable relief, as the Court deems proper and appropriate.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
Attorney for Plaintiff
File ID# WCR1962
07/18/12