IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA MAHMOOD | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| NATIONAL BOARD | : NO. 2:12-CV-01544-TR |
| OF MEDICAL EXAMINERS | : |
| | : |
| Defendant. | : |

**REPLY MEMORANDUM OF THE NATIONAL BOARD OF MEDICAL EXAMINERS
IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

The only question[1] in this motion to dismiss the amended complaint is whether Mahmood has stated a viable cause of action for violation of the Americans with Disabilities Act. To answer that question, the Court must determine whether Mahmood has sufficiently stated facts that, if proven, would constitute a denial of reasonable accommodations by the National Board of Medical Examiners (NBME). Mahmood failed to do so in her amended complaint, and nothing in her opposition to the motion to dismiss repairs the deficiencies in her amended complaint.

The simple and undisputed fact is that Mahmood requested accommodations for the August 2011 USMLE and the NBME granted those accommodations. She requested an extra large monitor and she got it. She requested zoom text and she got it. She

---

[1] The NBME will not burden the Court by responding to all of the misstatements and contradictions in Mahmood's answer to the motion to dismiss the amended complaint. The absence of a response should not be construed as acquiescence to any point made by Mahmood.

requested permission to use her monocular device and she got it. She requested double time and she got it. Exhibit 7, Affidavit of Catherine Farmer, Psy.D. She did not ask to test in a separate testing room.

Based upon Mahmood's own affidavit, the NBME provided the requested equipment to her and it worked at the outset of the testing date, since she used the equipment to complete the "tutorial" portion of the examination. Mahmood Affidavit, Exhibit E to amended complaint. The fact that the stand for the computer monitor later broke, and that Prometric could not fully address the issue before the police arrested Mahmood, does not establish a denial of accommodations or a violation of the ADA, and Mahmood has not provided any authority to the contrary.

Mahmood incorrectly states that the NBME did not explain why another person who required accommodations got her seat during the test (Mahmood brief, p. 11), and argues that the other person "received the accommodation designed for plaintiff" (Id., p. 10), and "the fact that plaintiff had to be interrupted during her test and relocated is part of the pattern of ADA violations." (Id., p. 5.) Mahmood provides no authority for the proposition that moving someone from one location to another during a test is a violation of the ADA. Moreover, the NBME explained in its brief that Prometric had inadvertently placed Mahmood in the private testing room. Mahmood never requested or

received a private testing room as an accommodation. Rather, another examinee requested and was granted a private testing room as an accommodation. This examinee did not require an enlarged monitor so the monitor was being moved to the main testing area so that Mahmood could continue her examination. See NBME brief, p. 7, footnote 5. Mahmood's argument that changing her location violated the ADA is absurd, and not surprisingly, she cites no authority for such claim.

Mahmood persists in arguing that the NBME subjected her to a "pattern" of failing to accommodate her disability, citing a 2007 incident in the amended complaint. Mahmood admits that she changed her testing date and location without notifying the NBME and therefore the special equipment was not available at the new test center when Mahmood arrived. However, Mahmood now makes a bizarre, unsupported assertion that "[i]t is required for the candidate to get her accommodations approved, *but it is never the duty of the candidate to inform or alert NBME time and again regarding test dates or locations of the testing center*." (See Mahmood brief, p. 11, italics added.) Apparently in Mahmood's view, the NBME should somehow intuit when a candidate has changed testing centers, and its failure to anticipate such a change and send the accommodations to the new site is a violation of the ADA.

Mahmood's notable failure to cite any case law supporting any of her arguments that NBME's actions constitute a failure to reasonably accommodate underscores the fact that she has failed to state a claim on which relief can be granted.

**CONCLUSION**

For all the foregoing reasons and those set forth in the NBME's initial brief, the NBME respectfully requests that the Court dismiss Mahmood's amended complaint with prejudice.

                                        Respectfully submitted,

                                        /s/ Michael E. Sacks
                                        Neil J. Hamburg
                                        Michael E. Sacks
                                        ID. Nos. 32175 and 39774
                                        HAMBURG & GOLDEN, P.C.
                                        1601 Market Street, Suite 3310
                                        Philadelphia, PA  19103-1443
                                        (215) 255-8590

                                        Attorneys for Defendant
                                        National Board of Medical
                                        Examiners

Dated:  September 13, 2012

**CERTIFICATE OF SERVICE**

I, Michael Sacks, hereby certify that the foregoing Reply Memorandum of Defendant the National Board of Medical Examiners in Support of Its Motion to Dismiss the Amended Complaint has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy is being served by regular mail on September 13, 2012, on the following:

>William C. Reil, Esquire
>42 S. 15th Street, Suite 210
>Philadelphia PA 19102


>/s/ Michael E. Sacks
>Michael E. Sacks