```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MARIA MAHMOOD : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| NATIONAL BOARD : | NO. 2:12-CV-01544-TR |
| OF MEDICAL EXAMINERS : | |
| : | |
| Defendant. : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE NATIONAL BOARD
OF MEDICAL EXAMINERS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The National Board of Medical Examiners, ("NBME"), by its undersigned counsel, for its answer and affirmative defenses to the amended complaint:

**ANSWER TO AVERMENTS CONCERNING THE PARTIES**

1.      Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1, and therefore denies such averments.

2.      Denies as stated the allegations of paragraph 2 of the amended complaint, and avers that the NBME is an independent, not-for-profit organization, headquartered at 3750 Market Street in Philadelphia, Pennsylvania, that together with the Federation of State Medical Boards (FSMB) sponsors and provides for the administration of USMLE, a series of examinations taken by medical students and graduates of medical schools who seek to practice medicine in the United States; except denies the averment that the NBME administers tests for

medical students "which are a requirement for graduation," and states that each medical school sets its own requirements for graduation, and the NBME does not do so.

**ANSWER TO AVERMENTS CONCERNING JURISDICTION AND VENUE**

3. Denies each and every averment contained in paragraph 3 of the amended complaint, denies all averments that it violated the Americans with Disabilities Act (ADA), and denies the need to respond to the averments to the extent they contain conclusions of law, except admits that plaintiff purports to bring claims under the ADA.

4. Denies the need to respond to the averments in paragraph 4 to the extent they contain conclusions of law, except admits that venue is proper in the Eastern District of Pennsylvania.

**ANSWER TO "SUMMARY" ALLEGATIONS**

5. Denies that an answer is required to paragraph 5 of the amended complaint because the Court, by Order dated October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

6 - 7. Admits the averments of paragraphs 6 - 7.

8. Denies each and every averment contained in paragraph 8 of the amended complaint, denies all averments of "illegal" conduct, denies that the NBME suspended plaintiff, and

avers that the USMLE Committee for Individualized Review (USMLE-CIR), made up of physicians appointed by the NBME and the FSMB, recommended to the USMLE Composite Committee that plaintiff be barred from taking the USMLE for three years after it concluded that plaintiff had engaged in "irregular behavior" at a USMLE examination on August 8, 2011, and the USMLE Composite Committee adopted that recommendation.

9. Lacks knowledge or information sufficient to form a belief as to the averments of paragraph 9 of the amended complaint regarding the requirements plaintiff must fulfill for graduation, and therefore denies such averments.

10. Admits the averments of paragraph 10, and states that the three year bar was implemented by the USMLE Composite Committee after plaintiff intentionally set a fire at the test center, endangering the lives of others.

11. Denies each and every averment contained in paragraph 11 of the amended complaint, denies the need to respond to the averments to the extent they contain conclusions of law, except admits that Prometric administers USMLE on behalf of the NBME and the FSMB.

12. Admits the averments of paragraph 12, and states that as a result of plaintiff's irregular behavior, the USMLE Composite Committee has barred her from the USMLE for three years.

13. Lacks knowledge or information sufficient to form a belief as to the averments of paragraph 13 of the amended complaint regarding plaintiff's graduation from medical school, and therefore denies such averments.

14. Denies as stated the averments of paragraph 14, and states that the letter attached as Exhibit D to the amended complaint is from the USMLE Office of the Secretariat, not the NBME.

15. Denies each and every averment contained in paragraph 15 of the amended complaint.

16 – 17. Denies the need to respond to the averments of paragraphs 16 – 17 of the amended complaint to the extent they contain conclusions of law, except admits that plaintiff purports to seek damages and injunctive relief pursuant to the ADA.

18. Denies each and every averment contained in paragraph 18 of the amended complaint.

### ANSWER TO "GENERAL" ALLEGATIONS

19 – 20. Lacks knowledge or information sufficient to form a belief as to the averments of paragraphs 19 – 20 of the amended complaint regarding plaintiff's status at medical school, and therefore denies such averments.

21. Admits the averments of paragraph 21 of the amended complaint, and states that plaintiff intentionally

4

started a fire in a women's restroom, following which the police apprehended her and charged her with arson.

22 - 24. Denies each and every averment contained in paragraphs 22 - 24 of the amended complaint, and states that plaintiff intentionally set a fire that threatened the lives and safety of hundreds of people.

25. Denies each and every averment contained in paragraph 25 of the amended complaint, and states that plaintiff could not proceed with testing on the date in question because the police took her into custody after she intentionally lit a fire in a restroom.

26. Lacks knowledge or information sufficient to form a belief as to the averments of paragraph 26 of the amended complaint regarding the awareness of other persons about plaintiff's arson, and therefore denies such averments.

27. Admits the averments of paragraph 27 of the amended complaint regarding plaintiff's arrest; lacks knowledge or information sufficient to form a belief as to the averments regarding the expungement of plaintiff's criminal record, and therefore denies such averments.

28. Denies each and every averment contained in paragraph 28 of the amended complaint, except admits that the USMLE Composite Committee has barred plaintiff from taking USMLE

for a period of three years as a result of her irregular behavior.

29. Lacks knowledge or information sufficient to form a belief as to the averments of paragraph 29 of the amended complaint regarding plaintiff's graduation from medical school, and therefore denies such averments.

30. Denies as stated the averments of paragraph 30 of the amended complaint, except admits that the USMLE Composite Committee has barred plaintiff from taking USMLE for a period of three years as a result of her irregular behavior.

31. Admits that plaintiff has requested and been granted special accommodations for her visual impairment when she has taken USMLE.

32. Denies each and every averment contained in paragraph 32 of the amended complaint.

33. Denies that an answer is required to paragraph 33 of the amended complaint because the Court, by Order dated October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

### ANSWER TO FIRST CAUSE OF ACTION

34. Incorporates its answers to paragraphs 1 — 33 of the amended complaint.

35. Denies the averments of paragraph 35 of the amended complaint, denies violating the ADA, denies the need to respond to the averments to the extent they contain conclusions of law, except admits that plaintiff alleges a cause of action under the ADA.

36 – 37. Admits the averments of paragraphs 36 – 37 upon information and belief.

38. Admits in part and denies in part the averments of paragraph 38, admits that plaintiff had requested and the NBME had granted special accommodations, denies that Prometric failed to provide such accommodations on the testing date, and denies the need to respond to the averments to the extent they contain conclusions of law.

39. Denies each and every averment contained in paragraph 39 of the amended complaint.

40. Denies that an answer is required to paragraph 40 of the amended complaint because the Court, by Order dated October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

41. Denies each and every averment contained in paragraph 41 of the amended complaint, except denies that any answer is required to the extent paragraph 41 avers a pattern of discrimination or failure to accommodate, because the Court, by

Order dated October 31, 2012, dismissed such allegations from the amended complaint.

42.     Denies each and every averment contained in paragraph 42 of the amended complaint, denies all averments of discrimination or denial of equal opportunity, and denies the need to respond to the averments to the extent they contain conclusions of law.

43.     Denies that an answer is required to paragraph 43 of the amended complaint because the Court, by Order dated October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

44.     Admits the averments of paragraph 44.

45.     Denies each and every averment contained in paragraph 45 of the amended complaint, and denies all averments that the NBME failed to accommodate plaintiff on 8/8/11.

46.     Denies the need to respond to the averments of paragraph 46 of the amended complaint as conclusions of law.

47.     Denies the need to respond to the averments of paragraph 47 of the amended complaint to the extent it contains conclusions of law, except admits that plaintiff is visually impaired.

48.     Denies that an answer is required to paragraph 48 of the amended complaint because the Court, by Order dated

October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

    49 - 50.    Denies the need to respond to the averments of paragraphs 49 - 50 of the amended complaint as conclusions of law.

    51.    Denies each and every averment contained in paragraph 51 of the amended complaint, and denies all averments of discrimination.

    52.    Denies each and every averment contained in paragraph 52 of the amended complaint, denies all averments of discrimination or denial of equal opportunity, except denies the need to respond to the averments to the extent they contain conclusions of law.

    53.    Denies that an answer is required to paragraph 53 of the amended complaint because the Court, by Order dated October 31, 2012, dismissed the amended complaint to the extent it averred a pattern of discrimination or pattern of failure to accommodate.

    WHEREFORE, the NBME respectfully requests that plaintiff's claim for damages and equitable relief be DENIED.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The allegations of the amended complaint fail to state a claim that entitles plaintiff to relief.

**SECOND AFFIRMATIVE DEFENSE**

The NBME at all times acted for legitimate non-discriminatory reasons.

**THIRD AFFIRMATIVE DEFENSE**

No impermissible factor played any role whatsoever in any of the actions about which plaintiff complains.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for monetary relief is barred by law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for relief is barred to the extent she has failed to mitigate her damages or suffered no damages as a result of the NBME's actions.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times, the NBME has made good faith efforts to comply with the Americans with Disabilities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the NBME's actions were privileged and undertaken in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she is not an otherwise qualified person with a disability.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she was offered and provided with reasonable accommodations.

WHEREFORE, the NBME respectfully requests that the amended complaint be dismissed with prejudice and requests judgment in its favor and against plaintiff, together with costs, attorneys' fees, interest and such other and further relief that the Court deems just and proper.

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
ID. Nos. 32175 and 39774
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Attorneys for Defendant
National Board of Medical
Examiners

Dated:  November 14, 2012

**CERTIFICATE OF SERVICE**

I, Michael Sacks, hereby certify that the foregoing Answer and Affirmative Defenses of Defendant the National Board of Medical Examiners has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy is being served by regular mail on November 14, 2012, on the following:

>William C. Reil, Esquire
>42 S. 15th Street, Suite 210
>Philadelphia PA 19102

>/s/ Michael E. Sacks
>Michael E. Sacks