# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA MAHMOOD, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF | : | No. 12-1544 |
| MEDICAL EXAMINERS, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**                                                                          February 14, 2013
**U.S. MAGISTRATE JUDGE**

      Defendant National Board of Medical Examiners ("NBME") seeks summary judgment on Plaintiff Maria Mahmood's claim that it violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), by failing to reasonably accommodate her visual impairment when she sat for the USMLE CK-II[1] test on August 8, 2011. NBME alleges the undisputed facts establish Mahmood disrupted efforts by test administrators to implement her agreed-upon accommodations when she set a fire at the test center.[2] I agree.

---

[1]     United States Medical Licensing Exam, Clinical Knowledge Part II.

[2]     Mahmood's original complaint contained three counts, alleging NBME violated: (1) her constitutional rights to be free from cruel and unusual punishment; (2) her Fourteenth Amendment right to procedural and substantive due process, and (3) her civil rights. See 6/21/2012 Memo. Op. (doc. 18), at 2. I granted NBME's motion to dismiss these counts and denied Mahmood's motion for an injunction compelling NBME to permit her to take the USMLE CK-II exam. Id. at 1. I granted Mahmood leave to file an amended complaint on her failure-to-accommodate claim because NBME did not show that an amendment would be inequitable or futile for that claim. Id. at 8.

      On October 31, 2012, I granted NBME's motion to dismiss Mahmood's claim that NBME engaged in a pattern of failure-to-accommodate, but allowed Mahmood to take discovery on whether NBME violated the ADA when she sat for the August 8, 2011 USMLE CK-II test. See 10/31/2012 Memo. Op. (doc. 25).

The undisputed facts establish NBME provided Mahmood with all of her requested accommodations for the August 8, 2011 test. Although technical problems with Mahmood's requested equipment may have delayed her exam by hours or a few days, undisputed testimony establishes that she was accommodated, as required by law. See Def. Ex. 12 at 6-7 (declaration of Catherine Farmer, NBME director of Disability Services and ADA Compliance Officer, Testing Programs); Def. Ex. 1, at 64-65 (Mahmood's deposition). Test administrators were attempting to remedy the technical problems when Mahmood intentionally set a fire in the test center's restroom and was arrested by police.[3] Mahmood's voluntary act of setting a fire at the testing center precluded NBME from successfully implementing the agreed-upon accommodations.[4]

## I. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

Where there is only one reasonable conclusion from the record regarding the potential verdict under the governing law, summary judgment must be awarded to the moving party. See

---

[3] Mahmood's guilty plea to criminal mischief was expunged on August 21, 2012. See Pl. Ex. B. The expungement, however, is irrelevant because Mahmood's undisputed actions on August 8, 2011 led to her arrest and removal from the test site, preventing her from taking the test.

[4] Mahmood's attempt to portray NBME's action as part of a pattern of discrimination fails. No evidence supports her claim. Moreover, the portion of her complaint alleging a pattern of discriminatory conduct has been dismissed. See 10/31/2012 Order (doc. 26). The only issue remaining is whether NBME accommodated her disability on the August 8, 2011 test date.

id. at 250. "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." Id. at 250-51. I must view the facts and any inferences from those facts in the light most favorable to Mahmood. See Ray v. Warren, 626 F.3d 170, 173 (3d Cir. 2010).

The ADA requires NBME to offer its exam "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." See 42 U.S.C. § 12189; see also Enyart v. Nat'l Conference of Bar Exam'rs, Inc., 630 F.3d 1153, 1160 (9th Cir. 2011) (Persons with disabilities should not be barred from "educational, professional, or trade opportunities because an examination . . . is conducted without an accommodation."). The associated regulations also require NBME to administer its exams "so as to best ensure . . . the exam results accurately reflect [Mahmood]'s aptitude," instead of her impaired sensory skills, by providing "appropriate auxiliary aids." See 28 C.F.R. § 36.309(b)(1, 3). Thus, to succeed on her failure-to-accommodate claim, Mahmood must prove NBME denied her the equipment necessary to take the USMLE CK-II exam.[5]

## II.  FACTS

In August 2011, Mahmood was a student at the medical school at the University of Illinois at Chicago. Am. Compl. ¶ 1 (doc. 20). To graduate, she needed to complete several licensing exams, including the USMLE CK-II. Id. ¶ 13. She also required the following

---

[5]  As I explained in my October 31, 2012 opinion, although the "reasonable accommodation" and "best ensure" standards are distinct, Mahmood must prove under both standards that NBME denied her agreed-upon accommodations. See 10/31/2012 Memo. Op., at n.4; see also Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 156 (3d Cir. 1999); Mucci v. Rutgers, No. 08-4806, 2011 WL 831967, at *21 (D.N.J. Mar. 3, 2011).

Regardless, Mahmood does not argue that some different type of accommodation would have "best ensured" her performance. She additionally fails to establish facts from which a reasonable jury could conclude that NBME violated the ADA by denying her the agreed-upon equipment to accommodate her disability.

3

accommodations for taking these tests: double time to take the exam, use of a visual aid known as a "monocular," a large-screen computer monitor, and magnifying software known as "ZoomText." Def. Ex. 2, 3, 12; see also Def. Ex. 1, at 50-54. Mahmood did not require, or seek permission for, testing in a private area. Def. Ex. 12, at 6; Def. Ex. 1, at 133.

When Mahmood appeared at the test center on August 8, 2011, staff provided her with the requested accommodations, but mistakenly seated her in a private special accommodations ("SA") room. Def. Ex. 9, at 3 (report of Roger Meade, Prometric Security Mgr.). Problems arose after Mahmood successfully used the large-screen monitor with ZoomText to begin reviewing the exam tutorial. Def. Ex. 1, at 64-65. Test administrators interrupted Mahmood and asked her to move to a waiting area because another disabled student required use of the SA room. Id. at 64-66. While administrators attempted to move Mahmood's special monitor to the main testing area, the monitor's stand broke and Mahmood claimed it was unusable. Id. at 75-80, 130; Def. Exs. 9, at 3. Test administrators did not dispute Mahmood's claim and immediately suspended her test without time penalty. Def. Ex. 1, at 81-82.

Mahmood was moved to the waiting area while test administrators attempted to resolve the monitor problem. Id. Meanwhile, Mahmood visited the restroom and started a fire because she was depressed about the lack of adequate accommodations for the test and the looming seven-year deadline for passing the test. Id. at 83-90, 112; see also 107 (testifying to her fragile mental state and acknowledging the fire was set as a "diversion that would delay [the] exam for a time").

After Mahmood returned from the restroom, test administrators advised her they were still working to resolve the monitor problem. Id. at 104. Mahmood was then moved to a private room where she was questioned by police and arrested on arson charges. Id. at 116, 119. She

4

remained in police custody for approximately two weeks. Id. at 123. As a result, test administrators were unable to implement their practice of replacing the damaged equipment or rescheduling the test for the next day, or as requested by the student. Def. Ex. 12, at 6-7.

## III. DISCUSSION

The pivotal inquiry is whether NBME denied Mahmood the equipment necessary to accommodate her visual impairment and allow her to take the exam in a manner that accurately reflected her aptitude. See 42 U.S.C. § 12189; see also Doe, 199 F.3d at 156; Mucci, 2011 WL 831967, at *21. NBME does not dispute Mahmood has a disability and sought reasonable accommodations. Nor is there any dispute that when Mahmood appeared for the August 8, 2011 test, NBME provided her with her requested accommodations, and the equipment initially worked to her satisfaction. Def. Ex. 1, at 76-77.

Mahmood contends the malfunction of her special monitor and her move from the SA room effectively deprived her of her accommodations because NBME had no back-up plan when the monitor failed. See Pl.'s Ans. to Def. Mot. for S. J., at 14. Her claim, however, ignores two undisputed facts: (1) test administrators were working to repair or replace the broken monitor stand after it broke; and (2) while they worked, Mahmood set a fire at the test site and was jailed by police for nearly two weeks.

To be sure, Mahmood was mistakenly seated in the SA room upon arrival. Her subsequent transfer to another space, however, has no bearing on whether NBME denied her a reasonable accommodation. Mahmood never requested a special seating area. Her accommodation request was limited to: double time to take the test, a visual aid "monocular, and a large-screen monitor equipped with ZoomText." See Def. Ex. 2, 3, 12; see also Def. Ex. 1, at 50-54. These requests were granted and successfully implemented - until unforeseen events

5

developed. See Def. Ex. 1, at 76-77.

When the special monitor was damaged during the move to the general seating area, test administrators immediately honored Mahmood's demand for new equipment. Id. at 80-81. Attempts to remedy the monitor problem failed not because test administrators refused to act; rather, they twice advised Mahmood they were working to resolve it. See id. at 81-82, 104. Their efforts were derailed only because Mahmood intentionally set a fire at the test center and was arrested and detained by police. Id. at 116-21.

No reasonable jury could conclude that NBME or its agents denied Mahmood accommodations that precluded her from taking the August 8, 2011 test. Undisputed evidence establishes NBME granted and provided the requested accommodations, only to encounter a mechanical breakdown that delayed its implementation. At worst, Mahmood would have experienced a short delay in starting the test, or a delayed testing date until the monitor could be repaired or replaced. See Def. Ex. 12. There is no evidence Mahmood would have been required to take the test without the accommodations NBME agreed she should receive.

Mahmood also fails to establish that the delay she encountered on August 8 effectively resulted in a denial of her accommodations. She does not cite - and I am unable to identify - any cases that address delays under the ADA in the exam context.[6] Furthermore, as I explained in dismissing Mahmood's pattern and practice claims, courts addressing delays in other contexts have found no ADA violation where an entity acts in good faith to provide an accommodation,

---

[6] Neither party discusses delays under the best ensure standard, but "[t]he term 'accessible' is not best understood to mean 'exactly comparable.'" Doe , 199 F.3d at 156 (defining "accessible" under 42 U.S.C. § 12189). NBME is required to provide its exams "so that disabled people who are disadvantaged by certain features of standardized examinations may take the examinations without those features that disadvantage them." Id.

but the plaintiff suffers some delay as a result. See 10/31/2012 Memo. Op., at 7; Anderson v. Ross Stores, Inc., No. 99-4056, 2000 WL 1585269, at *9 (N.D. Cal. Oct. 10, 2000) (one-hour delay in retail store not actual or constructive denial of accommodations); Delgado v. Triborough Bridge & Tunnel Auth., 485 F. Supp. 2d 453 (S.D.N.Y. 2007) (one-month delay in providing employee with larger monitor not a denial of accommodations).

Mahmood attempts to distinguish both cases by contending neither decision focused on the defendant's good faith, which Mahmood claims is at issue here. Yet, Mahmood fails to establish that an unforeseen delay in implementing an agreed-upon accommodation, as a matter of law, would be sufficient for a jury to find an ADA violation. She also has not identified any evidence showing that NBME or its test administrators acted in bad faith. To the contrary, the undisputed facts establish NBME granted the requested accommodation and test administrators were actively working to resolve a mechanical issue after suspending Mahmood's testing time limits without penalty.

Summary judgment is required.[7]

An appropriate order follows.

---

[7] I am mindful that NBME's three-year suspension of Mahmood for setting the fire at the test site means she will be unable to graduate within the required seven-year time frame. That sanction, however, cannot overcome Mahmood's failure to identify disputed issues of material fact that would preclude entry of judgment for NBME.